IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LGMG NORTH AMERICA, INC.,** | : | CIVIL ACTION NO. 1:22-CV-1731 |
| | : | |
| Plaintiff | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| **SINOBOOM NORTH AMERICA LLC, RUSSELL KAYLOR, STEVEN J. WATSON, and ZACHARY SABER,** | : : : | |
| | : | |
| Defendants | : | |

**<u>MEMORANDUM</u>**

To grant summary judgment, there must be no dispute of material facts. When it comes to the record between employer, LGMG North America, Inc. ("LGMG") and former employee Zachary Saber, there is nothing but disputes. For a substantial period when Saber worked for LGMG, there was not an express, written employment contract between the parties. As such, a factfinder must determine what obligations LGMG had towards Saber and whether it fulfilled those obligations. The court will therefore deny LGMG's motion (Doc. 153) for summary judgment on Saber's opposed counterclaims.

I. **<u>Factual Background & Procedural History</u>**[1]

LGMG is a manufacturer, seller, and servicer of mobile elevating work platforms ("MEWP") in North America. (Doc. 163 ¶ 1).[2] Saber joined its ranks as its Director of Sales and Marketing Administration sometime in 2019. (Doc. 154 ¶ 12; 176 ¶ 12).[3] LGMG initially paid Saber on a salary basis, and began paying him on a commission basis in 2021.[4] (Doc. 154 ¶¶ 1, 12; 176 ¶ 1, 12). However, there was never an express, written agreement between Saber and LGMG detailing how the commission payments would be calculated.

LGMG points to an undated, unsigned document to establish its commission structure. (<u>See</u> Doc. 154 ¶ 2, Doc. 154-2). That document, itself with a header saying

---

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. PA. L.R. 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. <u>Id.</u> Unless otherwise noted, the factual background herein derives from the parties' Rule 56.1 statements of material facts. (<u>See</u> Docs. 154, 176). To the extent the parties' statements are undisputed or supported by uncontroverted record evidence, the court cites directly to the statements of material facts.

[2] The court cites to the statement (Doc. 163) of material facts filed by LGMG in support of its summary judgment motion against Sinoboom solely to provide background and additional context to this case.

[3] Saber disputes this paragraph, but only as to the start date of his employment. (Doc. 176 ¶ 12).

[4] Saber asserts LGMG began paying commissions in 2020, (Doc. 176 ¶ 1), whereas LGMG says it only implemented the commission structure in 2021, (Doc. 154 ¶ 2). Because Saber is only asserting claims for unpaid commissions from 2021-2022, (Doc. 175 at 2-3), whether LGMG's commission structure began in 2020 is immaterial for the current analysis.

"Example – Zach Saber," provides commissions of .5% on all boom, small scissor, and RT Scissor sales. (Doc. 154-2 at ECF 2). Saber asserts LGMG's commission policy was 1% of sales on RT scissor and boom sales, with .5% on smaller equipment. (Doc. 176 ¶ 2). He also points out the document cited by LGMG has his salary at $50,000, even though LGMG concedes Saber's salary was never $50,000. (See Doc. 154 ¶¶ 12, 14, 16). Therefore, the document cited by LGMG was unquestionably inapplicable to Saber in one respect—his salary—and the company has offered no explanation as to why the rest of its details should be taken as irrefutably true.

A complete written contract did not make an appearance until mid-2022. In May 2022, Saber signed an agreement raising his salary to $72,100 and providing that he would be paid pursuant to "the additional commission sales plan." (Doc. 154-9 at ECF 2; Doc. 154-10). It does not appear the commission sales plan was attached to this document and Saber asserts he received the official plan in July 2022. (Doc. 176 ¶ 6). Indeed, there is a July 1, 2022, email from LGMG's CEO Eric Liner to Saber saying Liner "had not provided you [Saber] with a final document for both your Commission & Bonus Program." (Doc. 176-8 at ECF 2). The 2022 commission plan, by its terms, covers the full calendar year 2022, so January 1, 2022, to December 31, 2022. (Doc. 154-5 at ECF 2).

Saber did not last at LGMG much longer, as on September 20, 2022, he resigned effective October 4. (Doc. 154-11 at ECF 2). Later, on October 31, LGMG then brought suit against several former employees, including Saber. (Doc. 1). Saber filed an answer to LGMG's complaint and asserted his own counterclaims on

April 6, 2023. (Doc. 82). During briefing, LGMG asserted Saber failed to uphold his discovery obligations by withholding the identification of certain invoices supporting his claim. (Doc. 177-1 at 7-9). The court ordered the parties to brief the issue, (Doc. 180), and will address it in this memorandum.

## II.   Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is material if resolution of it "might affect the outcome of the suit under the governing law" and genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Mall Chevrolet, Inc. v. General Motors LLC, 99 F.4th 622, 631 (3d Cir. 2024) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Tolan v. Cotton, 572 U.S. 650, 657 (2014) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). The court's duty is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 242-43.

There are "two closely related methods for a movant to succeed at summary judgment." Mall Chevrolet, 99 F.4th at 630. "First, under the standard approach, the moving party may produce material facts, established as genuinely undisputed, that entitle it to judgment as a matter of law." Id. (citing FED. R. CIV. P. 56(a)). "Second, under the Celotex approach, a moving party may instead demonstrate that the

4

nonmoving party has not made 'a showing sufficient to establish the existence of an element essential to that party's case *on which that party will bear the burden of proof at trial.*'" Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

The nonmoving party can defeat a motion for summary judgment by producing evidence to establish a genuine issue of material fact. Anderson, 477 U.S. at 256. The nonmoving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. Moreover, if the nonmovant's version of disputed facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

## III. Discussion

Saber's primary contention against LGMG is that the company owes him back pay under Pennsylvania's Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq*. Both parties agree for the WPCL to apply, there must be a contract between the parties. (Doc. 156 at 9; Doc. 175 at 7); see also Toppy v. Passage Bio, Inc., 285 A.3d 672, 689 (Pa. Super. Ct. 2022) (quoting Hartman v. Baker, 766 A.2d 347, 352 (Pa. Super. Ct. 2000)). Thus, a material fact in this case is

5

whether there was a contract between Saber and LGMG, and if so, what were its terms.

For 2021, there was never a written employment contract detailing the commission structure the company owed him. The only documentary evidence LGMG offers in support is undated, unsigned, and unreflective of even what the company claims was its final policy. (See Doc. 154-2). Saber's salary was never $50,000, (see Doc. 154 ¶¶ 12, 14, 16), and LGMG offers no other evidence establishing an agreement between it and Saber on their employment relationship, particularly, LGMG's commission structure. This court cannot overlook the fact that the document cited by LGMG misstates Saber's salary and trust that every other detail was correct, without any explanation.

Despite the appearance of a written agreement in 2022, there are still disputed matters. The document Saber signed on May 23, 2022, only references "the additional commission sales plan," (Doc. 154-9 at ECF 2, 5); it does not provide details on said commission plan. While LGMG claims the 2022 commission plan was provided in May, (Doc. 154 ¶ 16), Saber shows evidence he may not have received it until July 1, 2022, (Doc. 176-8 at ECF 2). Therefore, there is a dispute as to when Saber received all the relevant details about the 2022 Commission Plan.

LGMG attempts to get around this problem by claiming the 2022 Commission Plan was retroactive and applies for the entire 2022 calendar year. (Doc. 156 at 2-3). This side-step fails. In Pennsylvania, "an employer cannot retroactively modify the terms of compensation for work that has already been completed." Hicks v. Glob. Data Consultants, LLC, 288 A.3d 875, 886 (Pa. Super. Ct. 2022) (citations omitted).

6

For prospective changes, an employer must put the employee on notice of how the terms of employment have changed. Id. Reviewing the evidence, there is a dispute as to when LGMG actually put Saber on notice of the details of the 2022 Commission Plan, and, in any event, there is no evidence that such notice occurred before May 2022.

Moving to LGMG's other claims, Saber has agreed to withdraw his claim under the Commissioned Sales Representatives Act ("CRSA"), 43 P.S. § 1471, *et seq*. (Doc. 175 at 13). Accordingly, summary judgment shall be granted in favor of LGMG on Count II of Saber's counterclaims. LGMG further requests attorney's fees because it argues Saber's CRSA claim was "frivolous." (Doc. 156 at 13; see also 43 P.S. § 1475(b)). This request is denied. Saber has brought a triable claim under the WPCL and that action covered the exact same conduct that would have been covered by a CRSA action. Therefore, LGMG did not suffer any prejudice by Saber's inclusion of a CRSA claim, and, given the lack of an explicit contract between Saber and LGMG for much of the former's tenure, the court find's the original CRSA claim to be non-frivolous.

Finally, LGMG seeks summary judgment on Saber's unjust enrichment claim. (Doc. 156 at 13). LGMG argues, and Saber agrees, an unjust enrichment claim cannot lie where there is an underling contract between the parties. (Id. at 13-14; Doc. 175 at 15); see also Khawaja v. RE/MAX Cent., 151 A.3d 626, 633 (Pa. Super. Ct. 2016) (citing Villoresi v. Femminella, 856 A.2d 78, 84 (Pa. Super. Ct. 2004)). Saber explains he brings his unjust enrichment claim in the alternative to his WPCL claim, if it is determined he did not have an employment contract with LGMG. (Doc.

7

175 at 15). While true that employment contracts need not be written in Pennsylvania, Braun v. Wal-Mart Stores, Inc., 24 A.3d 875, 896 (Pa. Super. Ct. 2011), aff'd, 106 A.3d 656 (Pa. 2014), given the lack of an express contract, it is a fair question whether a formal contract existed at all. Further, Pennsylvania law allows a party to plead a WPCL claim and an unjust enrichment claim together, with the understanding recovery is only allowed on one of these theories. Lugo v. Farmers Pride, Inc., 967 A.2d 963, 969-70 (Pa. Super. Ct. 2009). Because the question of whether an employment contract existed between LGMG and Saber prior to the effectiveness of the 2022 employment agreement is a triable issue, summary judgment on Saber's unjust enrichment claim is not warranted.

This leaves one last matter presently pending before the court: the issue of the "newly identified invoices." LGMG asserts Saber violated discovery rules by failing to disclose certain invoices until he filed his brief in opposition to summary judgment. (Doc. 177-1 at 7-9). Saber argues these invoices were always in LGMG's control and so no discovery violation occurred. (Doc. 181 at 2-3).

Saber is wrong. LGMG, in an interrogatory, asked Saber to provide the tangible evidence showing his entitlement to unpaid commissions. (Doc. 181-3 at 12-15). A party has a duty to supplement a response to a discovery "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A). While the specific invoices may have always been in LGMG's control, the *identification* of the *specific* invoices potentially supporting Saber's claims was something over which he had control. After reviewing the invoices from LGMG, Saber had a duty to provide

8

the list of which invoices he believed supported his claim to LGMG per the company's discovery request.

That being said, the court agrees with Saber that excluding this evidence would be too harsh of a sanction. LGMG's motion for summary judgment will be denied because a dispute of material fact exists regarding the terms of Saber's employment with LGMG, which is wholly unconnected with the identification of these invoices. Moreover, these invoices have now been identified to LGMG; it will have had several months to review this list before a potential trial. To any extent these invoices were "sprung" on LGMG, the surprise is long over. Therefore, the failure to provide the identification of these invoices earlier was harmless and no sanction shall be imposed. See FED. R. CIV. P. 37(c)(1).

## IV.   Conclusion

Saber has voluntarily withdrawn his claim under the CRSA claim, so summary judgment will be granted to LGMG on count II of Saber's counterclaims. Otherwise, there are clear disputes of material facts preventing the entry of summary judgment for LGMG. The court will therefore deny LGMG's motion in all other respects.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   October 1st, 2025